# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | CASE No. | 16-50689 (JAM) |
| WALTER B. REDDY, | ) | CHAPTER | 13 |
| | ) | | |
| DEBTOR. | ) | ECF Nos. | 34, 40, 42, 49, 52, 72, |
| | ) | | 80, 88, 94, 95, 108 |
| | ) | | |

## MEMORANDUM AND ORDER ON OBJECTION TO CLAIM 3 AND
## SECOND AMENDED MOTION FOR RELIEF FROM THE AUTOMATIC STAY

### I.     INTRODUCTION

Walter B. Reddy (the "Debtor"), filed the above-captioned Chapter 13 case on May 26, 2016. The Debtor has filed all documents in this case and appeared before the Court as a *pro se* filer/litigant.

On November 10, 2016, the Debtor filed an objection to a proof of claim in the amount of $870,263.23, filed by Specialized Loan Servicing LLC on behalf of Deutsche Bank National Trust Company (the "Creditor"), as Trustee for Morgan Stanley Mortgage Loan Trust 2005-10, Mortgage Pass-Through Certificates, Series 2005-10 (the "Objection to Claim 3", ECF No. 34). On November 14, 2016, a Notice of Hearing was issued scheduling a hearing on Objection to Claim 3 for December 20, 2016.

In Objection to Claim 3, the Debtor asserted that he does not owe a debt to the Creditor. Several hearings have been held and multiple pleadings have been filed by the Debtor and the Creditor regarding Objection to Claim 3. The history of the proceedings related to Objection to Claim 3 is set forth below.

A. **The Motion for Relief from Stay, the Objection, and the Response to Objection to Claim 3**

Instead of filing a response to Objection to Claim 3, the Creditor initially filed a Motion for Relief from the Automatic Stay on November 23, 2016 (the "Motion for Relief", ECF No. 40). The subject of the Motion for Relief is the real property commonly known as 16 Briar Oak Drive, Weston, CT 06883 (the "Property"). The Property is the Debtor's residence and the collateral securing the debt described in Objection to Claim 3.

In the Motion for Relief, the Creditor asserted that it is a secured creditor of the Debtor by virtue of it directly, or through an agent, being in possession of the note executed by the Debtor (the "Note"), and the holder of the mortgage recorded against the Property (the "Mortgage"). The Creditor further asserted that it was entitled to relief from the automatic stay because the Debtor: (i) "has not made payments pursuant to the Note and Mortgage"; and (ii) "has no equity in" the Property and the Property "is not necessary for an effective reorganization". (ECF No. 40 at p. 3).

On December 7, 2016, the Debtor filed an Objection to the Motion for Relief (the "Objection to Motion for Relief", ECF No. 42). On December 12, 2016, a Notice of Hearing was issued scheduling a hearing on the Motion for Relief for January 12, 2017. Following the issuance of the Notice of Hearing on the Motion for Relief, the Creditor then filed a Response to Objection to Claim 3 (the "Response to Objection to Claim 3", ECF No 49).

B. **The December 20th Hearing and the Motion for Reconsideration**

The initial hearing on Objection to Claim 3 and the Response to Objection to Claim 3 was held on December 20, 2016 (the "December 20th hearing"). During the hearing, the Debtor argued that his signature on the Note was a forgery and requested that the Court schedule an evidentiary hearing to allow him to examine the Note through an expert. At the

conclusion of the December 20th hearing, an evidentiary hearing on Objection to Claim 3 was scheduled to be held on January 12, 2017, the same date set for a hearing on the Motion for Relief (the "January 12th evidentiary hearing").  The Court ordered the Creditor to bring the Note to the January 12th evidentiary hearing, and informed the Debtor that he could bring an expert to examine the Note.

On December 23, 2016, the Creditor filed a Motion for Reconsideration of the Court's Order Scheduling the January 12th Evidentiary Hearing (the "Motion for Reconsideration", ECF No. 52).  In the Motion for Reconsideration, the Creditor revealed for the first time that on April 11, 2016, the Connecticut Superior Court entered a judgment of strict foreclosure against the Defendant in connection with the Property (the "Foreclosure Action").  The Creditor also asserted that the Debtor had previously examined the Note in the Foreclosure Action.

### C. The January 12th evidentiary hearing

Although the relief sought in Objection to Claim 3 and the Motion for Relief are different, the relevant underlying facts are essentially the same.  Therefore, the matters addressed at the January 12th evidentiary hearing were the Objection to Claim 3, the Response to Objection to Claim 3, the Motion for Reconsideration, the Motion for Relief, and the Objection to the Motion for Relief.

During the hearing, the Debtor informed the Court that his expert was unable to attend.  After the Debtor and the Creditor presented their respective arguments, the Court ordered the Creditor to file an Amended Motion for Relief from Stay (the "Amended Motion for Relief"), attaching evidence to demonstrate that the Creditor is entitled to enforce the Note.  The Court also ordered the Debtor to file an Objection to the Amended Motion for Relief (the "Objection to

the Amended Motion for Relief"). The Amended Motion for Relief (ECF No. 72), was filed by the Creditor on January 31, 2017. The Objection to the Amended Motion for Relief (ECF No. 80), was filed by the Debtor on February 22, 2017.

### D. The March 2nd hearing

On March 2, 2017, a hearing was held on the Amended Motion for Relief and the Objection to the Amended Motion for Relief (the "March 2nd hearing"). During the hearing, the following facts (supported by evidence attached to the Amended Motion for Relief), were discussed: 1) a final judgment of strict foreclosure had entered in the Foreclosure Action; and 2) the time to file an appeal in the Foreclosure Action had expired before the filing of the Debtor's Chapter 13 case.

Although the March 2nd hearing was not scheduled as an evidentiary hearing, the Court allowed the Debtor to present evidence through the testimony of a purported expert[1] regarding the sufficiency of the pooling and serving agreement attached to the Amended Motion for Relief. The Debtor also produced a second assignment of the Mortgage during the hearing, which appeared to assign the Mortgage on the Property to the Creditor in 2009 (the "2009 Corporate Assignment of Mortgage"). Counsel for the Creditor was unable to explain why a second assignment existed.

At the conclusion of the March 2nd hearing, the Court ordered the Creditor to file a Second Amended Motion for Relief from the Automatic Stay and to attach to it the following exhibits: 1) a certified copy of the Motion for Summary Judgment filed in the Foreclosure Action; 2) all documents filed in the Foreclosure Action that were relied on by the Creditor in obtaining the judgment of strict foreclosure, including but not limited to: a certified copy of the

---

[1] The Debtor was unable to qualify his expert, but the Court allowed the purported expert to give his opinion regarding the sufficiency of the documents provided by the Creditor.

4

original complaint, and a certified copy of the operative complaint at the time the Motion for Summary Judgment was decided; and 3) a title search report of the Property from July 15, 2005 to the present. The Court further ordered that the Debtor could file an Objection to the Second Amended Motion for Relief and attach to it the 2009 Corporate Assignment of Mortgage. A subsequent evidentiary hearing was set for 10:00 a.m. on May 31, 2017 (the "May 31st evidentiary hearing").

### E. The May 2nd Status Conference, the Second Amended Motion for Relief, the Objection to the Second Amended Motion for Relief, and the May 31st hearing

On April 10, 2017, the Creditor filed a Request for Status Conference to be held before the May 31st evidentiary hearing (ECF No. 95). The Court granted the Creditor's Request and a status conference was held on May 2, 2017 (the "May 2nd Status Conference").

During the May 2nd Status Conference, the Second Amended Motion for Relief dated April 28, 2017 (the "Second Amended Motion for Relief", ECF No. 94), which included all evidence required by the Court, and the Objection to the Second Amended Motion for Relief (the "Objection to Second Amended Motion for Relief", ECF No. 106), which included the 2009 Corporate Assignment of Mortgage, were discussed. The Creditor presented an argument contained for the first time in the Second Amended Motion for Relief: a legal issue exists that should be decided prior to any evidentiary hearing being held, namely that the assignment of Mortgage is not relevant in deciding Objection to Claim 3 or the Second Amended Motion for Relief. After a review of the newly advanced legal argument in the Second Amended Motion for Relief, the Court was persuaded it should not conduct the May 31st evidentiary hearing on the Objection to Claim 3 and the Second Amended Motion for Relief, but would instead allow the

Debtor and the Creditor to present oral arguments at that hearing. (See Order Regarding Evidentiary Hearing Scheduled for May 31, 2017, ECF No. 115).

The Debtor and Creditor appeared at the hearing on May 31, 2017. At the conclusion of the hearing, the Court overruled Objection to Claim 3 and granted the Second Amended Motion for Relief for the reasons set forth below.

## II.    ANALYSIS

A properly filed proof of claim is prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). Unless a claim is challenged, it is deemed allowed under 11 U.S.C. § 502(a). A party who objects must "produce evidence at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re Driscoll, 379 B.R. 415, 420 (Bankr. D. Conn. 2008) (citations omitted). "If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the claimant." In re A-Plus Auto Wholesalers, LLC, 379 B.R. 228, 231 (Bankr. D. Conn. 2007) (quoting In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992). Therefore, Objection to Claim 3 could be sustained only if the Debtor produced evidence to refute the legal sufficiency of the Creditor's claim.

With respect to the Second Amended Motion for Relief, 11 U.S.C § 362(d) provides in relevant part that "[o]n request of a party in interest and after notice and a hearing, the [bankruptcy] court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or] (2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not

have an equity in such property; and (B) such property is not necessary to an effective reorganization." The language of 11 U.S.C. § 362(d) "is mandatory, not permissive. In section 362(d), Congress provided that 'the Court *shall* grant relief from the stay'" if the moving party meets the requirements of the subsection. In re Zeoli, 249 B.R. 61, 63 (Bankr. S.D.N.Y. 2000) (emphasis in original).

Pursuant to 11 U.S.C. § 362(g), a party seeking relief from the automatic stay "has the burden of proof on the issue of the debtor's equity in the property," and "the party opposing such relief has the burden of proof on all other issues." See 11 U.S.C. § 362(g). Courts in this District have held that the party seeking relief bears the burden of proving that it is a party in interest. In re Polverari, No. 14-31711 (JAM) (Bankr. D. Conn. Oct. 1, 2015), aff'd, No. 3:15-CV-01500 (VLB), 2016 WL 5724764 (D. Conn. Sept. 3, 2016); In re Comcoach Corp., 698 F.2d 571, 573 (2d Cir. 1983) (citing 11 U.S.C. § 362(d)) (holding that a bank is not a party in interest with standing to seek relief from stay where "the bankrupt has no obligation on the mortgage."); see also In re Speer, No. 14-21007 (AMN), 2015 WL 5601469, at *3 (Bankr. D. Conn. Aug. 13, 2015) ("Movant bears the burden of demonstrating . . . that its claim is secured by a valid, perfected lien in property of the estate . . . . If the movant does not sustain its burden, the Court must deny the motion."); In re Briarwood Acquisition, LLC, No. 15-20596 (AMN), 2015 WL 5601351, at *3 (Bankr. D. Conn. Aug. 7, 2015) ("[T]he creditor bears the initial burden of demonstrating the quantum of its claim and its security interest in the real property" on a motion under Section 362(d).). "Once the movant establishes its prima facie case, the burden shifts to the debtor to show that the movant does not have a secured claim or that the debtor does have equity in the property." In re Speer, 2015 WL 5601469, at *3 (citation omitted; internal quotation marks omitted).

7

The Debtor disputes that he owes a debt to the Creditor and that the Creditor is a "party in interest" entitled to relief from the automatic stay. While the Debtor raised a number of issues in his pleadings and at hearings held before this Court, Objection to Claim 3 and the Creditor's status as a party in interest can be resolved by addressing the burden of proof on the Second Amended Motion for Relief.

As noted above, pursuant to Fed. R. Bankr. P. 3001(f), the Creditor's proof of claim is prima facie evidence of the validity of a debt unless evidence is produced to defeat the legal sufficiency of the claim. In addition, a final judgment of strict foreclosure entered in the Foreclosure Action prior to the filing of the Debtor's Chapter 13 case. The judgment of strict foreclosure found that the Debtor owed a debt to the Creditor and that the Creditor was entitled to foreclose the Mortgage. "Under the doctrine of *res judicata,* or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir.2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). Furthermore, the Rooker-Feldman doctrine provides that, "federal courts have no subject matter jurisdiction over cases that effectively seek review of judgments of state courts." Moccio v. New York State Office of Admin., 95 F.3d 195, 197 (2d Cir. 1996). The issues of whether the Debtor owes a debt to the Creditor and whether the Creditor is a party in interest entitled to relief from the automatic stay were decided in the Foreclosure Action and cannot be relitigated in this Court.

Although the issues raised by the Debtor were decided in the Foreclosure Action, and despite the Debtor's arguments to the contrary, the party entitled to foreclose need not be the holder of the note or the assignee of the mortgage. "A plaintiff's right to enforce a promissory

8

note may be established under the UCC." J.E. Robert Co., Inc. v. Signature Properties, LLC, et al., 309 Conn. 307, 319 (2013) (relying on the UCC's official comment that a "person entitled to enforce an instrument . . . is not limited to holders . . . . A nonholder in possession of an instrument includes a person that acquired rights of a holder").

Connecticut law also does not require a mortgage to be assigned to the foreclosing party in order to successfully foreclose a mortgage. Specifically, Connecticut General Statutes Sec. 49-17, allows the holder of a note to foreclose without an assignment. "[Connecticut] General Statutes §49-17 permits the holder of a negotiable instrument [note] that is secured by a mortgage to foreclose on the mortgage even when the mortgage has not yet been assigned to him." Bankers Trust Co. of Ca., N.A. v. Vaneck, 95 Conn. App. 390, 899 A.2d 41, cert. denied, 279 Conn. 908, 901 A.2d 1225 (2006) (emphasis added) (citing Fleet National Bank v. Nazareth, 75 Conn. App. 791, 795, 818 A.2d 69 (2003)). The Bankers Trust court ruled that Section 49-17 "codifies the common law principle of long standing that 'the mortgage follows the note,' pursuant to which the rightful owner of the note has the right to enforce the mortgage." Id. (citing New Milford Savings Bank v. Jajer, 244 Conn. 251, 266, 708 A.2d 1378 (1998)).

Therefore, the Creditor need only establish that the Debtor owes it a debt and that it is a party in interest entitled to relief from the automatic stay. Both issues were decided in the Foreclosure Action and the Debtor produced no evidence to support any claims to the contrary. In addition to overruling Objection to Claim 3, the mandatory nature of 11 U.S.C. § 362(d) requires the Court to grant the Creditor relief from the automatic stay, see In re Zeoli, 249 B.R. at 63.

### III. CONCLUSION

For the forgoing reasons, it is hereby

**ORDERED:** The Debtor's Objection to Claim 3 is overruled; and it is further

**ORDERED:** The automatic stay provided in 11 U.S.C.§ 362(a) is modified pursuant to 11 U.S.C. §362(d)(1) to permit the Creditor and/or its successors and assignees, to exercise their rights, if any, with respect to the Property in accordance with applicable non-bankruptcy law; and it is further

**ORDERED:** The fourteen (14) day stay provided in Fed. R. Bankr. P. 4001(a)(3) is hereby waived; and it is further

**ORDERED:** At or before 1:00 p.m. on June 8, 2017, the Clerk's Office is directed to serve this Order on Mr. Walter B. Reddy by certified mail, return receipt requested, at 16 Briar Oak Drive, Weston, CT, 06883.

> BY THE COURT
> Dated: June 8, 2017
>
> *Julie A. Manning*
> Chief United States Bankruptcy Judge
> District of Connecticut